Alice T. Smith
vs.  } Div. No. 14626
Arthur L. Smith

October 16, 1928.

BLODGETT, J. Heard upon motion of respondent that the final decree in said cause entered June 19, 1922, be changed as to payments to petitioner to be made thereunder, and, further, that petitioner may be held in contempt by reason of her failure to comply with the terms of such decree.

As to the second request of respondent, the Court feels that respondent has failed to show any actions of petitioner contrary to the terms of said decree and such request is denied.

As to the request for the modification of said decree with reference to payments, the Court finds:

In 1922 there were three minor children: Donald H., aged 16 years, Maybelle T., aged 13 years, and Arthur L., Jr., aged 8½ years. At the present time Donald is of age, Maybelle T., 19, and Arthur nearly 15. The petitioner at the present time lives with the three children in the homestead in Barrington. It is a large house and necessarily expensive to live in and expensive to keep in repair. None of the children assist in the support of petitioner although Donald is of age and working. At the time of the entry of this decree the respondent received a salary of $5000 a year from the Smith & Holden Co. and $1200 bonus from his holdings in the company, and further received an annual salary of $2500 as Shell Fish Commissioner; a total of $8700. At the present time he is in receipt of a salary of $4000 and $2500 from the Shell Fish Commission, a total of $6500, and receives no bonus from the company. That is, his annual income is $2500 less than in 1922.

The respondent shows that under the conditions of the said decree he has expended in 1927 about $4500. This would leave him about $2000 for his own living expenses—less than one-third of his income.

The budget of weekly expenses filed for three weeks of the period under consideration showed the average weekly expenditure for food of about $30. There are certain items of expense that could not be regarded as necessaries, but rather as luxuries—such as $6 a week for a servant, music lessons, and the hiring of a man for cutting the grass on the lawn. There are also items of expenditures by the petitioner to a certain Dr. Ek, amounting to about $10 a week, which the Court cannot regard as necessary.

The Court is of the opinion that until certain loans owed by respondent are paid or the business of said respondent becomes more prosperous, the weekly amount to be paid by respondent for maintenance of petitioner and two minor children should be reduced to fifty dollars a week.

For petitioner: Hogan & Hogan.
For respondent: Walling & Walling.